UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
CYNTHIA A. SMOLENSKY and
MICHAEL J. SMOLENSKY,

                      Plaintiffs,      05 Civ. 5992 (DFE)

   - against -                   OPINION AND ORDER

IRIS N. ROSA,
                      Defendant.
---------------------------------x

DOUGLAS F. EATON, United States Magistrate Judge.

     On July 4, 2003, a car accident occurred at the intersection of Roberts Street and Lloyd Street in Nanty Glo, Pennsylvania. (The town's home page on the Internet informs me that its name came from the Welsh words "nant-y-glo," meaning valley of coal.) The defendant was driving her own car registered in New York; she is domiciled in Manhattan. The main plaintiff was a front-seat passenger in a car registered in New Jersey to its owner/driver; the driver, the main plaintiff and her husband are all domiciled in New Jersey.

     The defense alleges that the main plaintiff was not wearing her seat belt. Pennsylvania, New York and New Jersey each require that a front-seat passenger must wear a seat belt. 75 Pa.Con.Stat.Ann. §4581(a); N.Y. Vehicle & Traffic Law §1229-c; N.J.Stat.Ann. §39:3-76.2. Nevertheless, Pennsylvania law says that evidence of a person's failure to wear a seat belt is inadmissible in any civil action. 75 Pa.Con.Stat.Ann. §4581(e). New York law and New Jersey law are to the contrary. New York law says (with my emphasis):

> 8. Non-compliance with the provisions of this section shall not be admissible as evidence in any civil action in a court of law in regard to the issue of liability but *may be introduced into evidence in mitigation of damages* provided the party introducing said evidence has pleaded such non-compliance as an affirmative defense. [In the case at bar, defendant has so pleaded.]

N.Y. Vehicle & Traffic Law §1229-c(8). New Jersey law is essentially the same, although it phrases the rationale as comparative negligence rather than as mitigation of damages. *Waterson v. General Motors Corp.*, 111 N.J. 238, 544 A.2d 357

-1-

(N.J. 1988).

On November 23, 2005, defendant served a motion *in limine* asking me to rule that New York's seat-belt defense will apply in the case at bar. Plaintiffs oppose, and ask me to rule that Pennsylvania's law will apply on this issue.

Since our Court's jurisdiction is based on the parties' diversity of citizenship, they recognize that I must decide this motion pursuant to the choice-of-law rules of the forum state, namely New York. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941). Judge Buchwald has recently summarized New York's choice-of-law rules as follows:

> ... In general, New York applies an interest analysis to choice of law issues, applying the law of the jurisdiction whose "relationship or contact with the occurrence or the parties has the greatest contact with the specific issue raised in the litigation." To aid in this determination, "New York courts have recognized a conceptual distinction between conduct-regulation and loss-allocating laws." ...
>
> For laws governing conduct, New York courts generally apply the law of the state where the accident occurred. However, for loss-allocation rules, "the interest of the locus jurisdiction in having its loss-allocation rule applied is deemed to be minimal."

*Lindsay v. Toyota Motor Sales, U.S.A., Inc.*, 2005 WL 2030311, *2-3 (S.D.N.Y. Aug. 22, 2005) (citations omitted).

Point I of plaintiffs' brief argues that Pennsylvania's "seat belt law" is a "conduct-regulating" law. This is too simplistic. Pennsylvania's seat-belt statute contains two pertinent provisions. Subsection "a" requires that a front-seat passenger must wear a seat belt; this provision is clearly "conduct-regulating." Subsection "e" says that failure to use a seat belt cannot be used as evidence in a civil lawsuit. North Carolina has a statute with the same two provisions, and Judge Platt analyzed it in a case remarkably similar to ours:

> ... [T]o the extent the seat belt issue involves the regulation of conduct, there is no conflict because New York, New Jersey and

> North Carolina all require front seat passengers
> to wear an available seat belt. North Carolina's
> prohibition on admitting evidence of a plaintiff's
> failure to wear a seat belt does not regulate
> conduct since it does not purport to limit the
> scope of permissible conduct in North Carolina. ...
>
> The availability of a complete or partial
> defense to liability based upon the victim's
> [non-]use of a seat belt is a loss allocation
> rule ... .

*Diehl v. Ogorewac*, 836 F.Supp. 88, 92 (E.D.N.Y. 1993) (citations omitted).

Conflicts between the loss-allocating rules of different jurisdictions are analyzed in New York under the general framework of three rules set forth more than 30 years ago in *Neumeier v. Kuehener*, 31 N.Y.2d 121, 128, 355 N.Y.S.2d 64, 70 (N.Y. Ct. App. 1972). In 1993, the same court wrote: "Although drafted in terms of guest statutes - - drivers and passengers - - these [three *Neumeier*] rules could, in appropriate cases, apply as well to other loss allocation conflicts." *Cooney v. Osgood Machinery, Inc.*, 81 N.Y.2d 66, 73, 595 N.Y.S.2d 919, 923 (N.Y. Ct. App. 1993). This language suggests that, when dealing with a loss allocation that is not an allocation between a driver and her passenger, one should not read the three *Neumeier* rules woodenly, but instead with appropriate elaboration based on their underlying rationale. Judge Platt did that in *Diehl*:

> ... Although *Neumeier* [Rule] One is
> facially inapplicable to the present dispute
> since the parties reside in different states,
> this Court finds their diversity to be of
> no moment where the substantive law of each
> domicile is harmonious. ... [New York and
> New Jersey] share a common perspective on
> this issue of law, [and hence] neither [party]
> can complain that this Court subjects them to
> the standard of care commensurate with the law
> of their respective domicile.

*Diehl*, 836 F.Supp. at 93. In other words, since New York law and New Jersey law are in harmony, there is no need to look for another state's law to serve as a "tie breaker" on an issue of loss allocation. *Accord*: *Tkaczevski v. Ryder Truck Rental, Inc.*, 22 F.Supp.2d 169, 173-74 (S.D.N.Y. 1998) (Sand, J.). Hence, it is unnecessary to proceed to *Neumeier* Rule Three.

Assuming *arguendo* that it is necessary, Rule Three uses the rule of the state where the accident occurred - - unless it can be shown that displacing that state's rule "will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants." *Neumeier*, 31 N.Y.2d at 128, 355 N.Y.S.2d at 70. Since no party resides in Pennsylvania, "that state will be neither benefitted nor burdened by the outcome of this case." *Diehl*, 836 F.Supp. at 93. New Jersey "has a direct stake in the resolution of this issue because it directly impacts the recovery of a [New Jersey] plaintiff," *ibid*, yet New Jersey has chosen to limit that recovery. New York, which has made the same choice, also has a stake, because it regulated the rates and the coverage of the insurance policy that was issued to defendant. N.Y. Insurance Law §§2301 *et seq*. In these circumstances, I find that the New York courts would conclude that application of New York's seat-belt statute "will advance the relevant substantive law purposes." The next part of Rule Three asks whether such application will "impair[] the smooth working of the multi-state system or produc[e] great uncertainty for litigants." To answer this question, the Second Circuit has considered what would happen if the lawsuit were filed in the state where the accident occurred. *Sheldon v. PHH Corp.*, 135 F.3d 848, 854 (2d Cir. 1998). If the case at bar had been filed in Pennsylvania, that state's choice-of-law rules would most likely have displaced its own loss-allocation rules. In *Budget Rent-A-Car System, Inc. v. Chappell*, 407 F.3d 166, 177 n. 9 (3d Cir. 2005), *cert. denied*, 126 S.Ct. 567 (Oct. 31, 2005), the Third Circuit applied Pennsylvania's choice-of-law rules and wrote:

> ... But for the chance occurrence of the accident in Pennsylvania, there is no connection between the Commonwealth and the parties. Pennsylvania has no interest in securing a recovery for Chappell nor in limiting Budget's liability.

In short, Pennsylvania's choice-of-law analysis would agree with Judge Platt's analysis in *Diehl*. My legal research uncovered *Marks v. Abrams*, 1994 WL 144358 (E.D.Pa. Apr. 19, 1994), which gave a New Jersey plaintiff the benefit of Pennsylvania's lenient seat-belt rule. In view of the Third Circuit's recent decision in *Budget*, I think *Marks* was simplistic in saying that New Jersey's only interest was "a strong interest in protecting the compensation rights of its citizens." On the contrary, New Jersey has an interest in limiting the compensation rights of its citizens who fail to obey seat-belt laws. In any event, the defendants in *Marks* were Pennsylvania citizens; they had little

reason to complain, for it is their own state that expresses an
interest in not limiting the liability of drivers whose
negligence causes an accident, even if plaintiff's injury is
aggravated by her failure to wear a seat belt.  The case at bar
is different because the defendant is a citizen of New York,
which expresses a contrary view.

   Plaintiffs' brief to me attempts to distinguish *Diehl*
because Judge Platt mentioned, as an additional rationale, that
"Diehl's car was registered and insured to Diehl in New York" and
hence "the real parties in interest ... are the Diehls and their
New York insurance company."  836 F.Supp. at 93.  In the case at
bar, it is undisputed that defendant's car was registered and
insured to her in New York, and that the rates and coverage of
her policy were regulated by New York's Insurance Law.
Nevertheless, plaintiffs' brief seizes on the fact that this
insurance company happens to be incorporated and headquartered in
Maryland, which has a seat-belt law identical to Pennsylvania's.
I find that Maryland's connection with this case is unimportant.
In choosing a loss-allocation rule, the insurer's "domicile" is
insignificant when compared with the fact that its relevant
insurance policy was regulated by the State of New York.

   Finally, plaintiffs attempt to bind defendant and her
insurer to a tentative statement of law made by their attorney on
July 14, 2005.  The circumstances were as follows.  On June 28,
2005, plaintiffs filed their complaint and it was originally
assigned to Judge Marrero.  On July 7, before any answer was due,
Judge Marrero *sua sponte* directed plaintiffs to show cause "why
this matter should not be transferred to the Middle District of
Pennsylvania."  (Actually, Nanty Glo is in the Western District.)
Due to an error in the Clerk's Office, plaintiffs did not learn
of this order.  Defendant's counsel discovered it when he saw the
complaint and looked into the electronic docket sheet; on July
14, he sent Judge Marrero a two-page letter (now Exh. A to Pls.
Mem.), which said in part:

>    We are the attorneys who were retained this week
> [the week of July 11] to defend Iris N. Rosa ....
>
>    Based on the very preliminary information we
> have received in regard to this lawsuit, we believe
> that the following factors are relevant as to venue
> for this action ....
>
>    Our office also believes that, under New York's
> choice of law rules, Pennsylvania law would apply
> to most of the issues involved in this action.

-5-

> Pennsylvania law would apply to any conduct relating
> issues as that is the site of the occurrence[,] and
> Pennsylvania law would apply to any loss-allocating
> issues under the third test of the Neumeier Rules ....

Defense counsel had been retained for no more than three days, and he was responding quickly to Judge Marrero's question. He overlooked one aspect: if New York law and New Jersey law were in harmony on any particular loss-allocating issue, then Pennsylvania law would not apply. As to one such issue, it turns out that New York law and New Jersey law both say that failure to wear a seat belt is admissible at trial. Defense counsel pointed this out at my conference on October 20; his modification of his July 14 statement did not cause any unfair prejudice to plaintiffs. I decline to rule that the July 14 statement is binding on defendant.

For the reasons stated above, I grant defendant's motion *in limine* (Docket Item #16). New York's seat-belt defense will apply in the case at bar.

                                                */s/ Douglas F. Eaton*
DOUGLAS F. EATON
United States Magistrate Judge
500 Pearl Street, Room 1360
New York, New York 10007
Telephone: (212) 805-6175
Fax: (212) 805-6181

Dated:     New York, New York
             December 27, 2005

Copies of this Opinion and Order were sent on this date by fax and electronic filing to:

Attorney for Plaintiffs:
Nicholas P. Giuliano, Esq.
Bennett, Giuliano, McDonnell & Perrone, LLP
(at fax 646-328-0121)

Attorney for Defendant:
John W. Kondulis, Esq.
James F. Bilello & Associates
(at fax 516-229-4303)